## Case No. 10,293.

### Ex parte NORCROSS.

[1 N. Y. Leg. Obs. 100; 5 Law Rep. 124; 1 Pa. Law J. 135.] [1]

District Court, D. Maine. March, 1842.

BANKRUPTCY OF PARTNER — DISSOLUTION — ASSIGNEE AND SOLVENT PARTNER TENANTS IN COMMON—PARTNERSHIP ACCOUNTS.

1. Where a decree of bankruptcy is awarded against a member of a firm, the partnership is thereby dissolved, and the partnership effects are vested in the assignee and the solvent partner as tenants in common.

[Cited in Amsinck v. Bean, 22 Wall. (89 U. S.) 403.]

[Cited in Talcott v. Dudley, 4 Scam. 436.]

2. It is not necessary where one of the firm petitions for a separate decree, to set forth the partnership accounts in detail. They may be taken before a commissioner. But the petitioner should set forth what proportion or share of the partnership property he claims to be entitled to.

This was an application for a separate decree in bankruptcy by Nicholas G. Norcross, who had been carrying on business in partnership with one Fisk, under the firm of "Fisk & Norcross." Objections were filed, and it was insisted that the petitioner was bound to set forth in his schedule an account of the partnership property, and what part or proportion he was entitled to therein, in order that the assignee might take possession thereof; that having failed so to do he had not complied with the provisions of the statute, nor the rules of the court. It was admitted that Fisk, his partner, was in solvent circumstances, and that there was no ground for supposing the partnership property was in danger, or was likely to be wasted.

WARE, District Judge. It is not necessary for the petitioner to enumerate in his schedule the particulars of the partnership effects. The decree of bankruptcy operates as a dissolution of the partnership, and the assignee becomes tenant in common with the solvent partner. The joint tenancy is destroyed. Between tenants in common of chattels, it is generally true that each owner is equally entitled to the possession, and one tenant in common cannot maintain trespass or trover against the other for dispossessing him, though for the loss or destruction of

[1] [1 Pa. Law J. 135, contains only a partial report.]

the whole chattel trespass will lie. 2 Kent, Comm. 350, 351, note. But it is otherwise in the case of a tenancy in common supervening on the dissolution of a partnership, by the death or bankruptcy of one of the partners. In this case the joint property remains in the hands of the surviving or solvent partner, clothed with a trust to be applied by him to the discharge of the partnership obligations, and to account to the representatives of the deceased, or of the bankrupt partner, for his share of the surplus. He can enter into no new partnership engagement, but his whole authority is limited to the settling and closing the partnership concerns. 3 Kent, Comm. 59. Story, Partn. §§ 1, 328, 341, 407. The right of the assignee is not, therefore, to the possession of the partnership effects, but to an account and to the bankrupt's share of the surplus, after the debts of the firm are paid. And it would seem that ordinarily he had no right to interfere with the administration of the effects of the firm. If there is any danger of a waste or mis-application of the common funds, he may call for an injunction and the appointment of a receiver, or the court might direct him to take the administration into his own hands. Story, Partn. § 344. Indeed, in the absence of the solvent partner, the rule is said to be that the assignee shall take the joint property and deal with it as the partner himself ought to have dealt with it, paying the joint debts and applying the surplus according to the equities subsisting between the partners themselves. Barker v. Goodair, 11 Ves. 85, 86. If the administration of the effects is to be with the solvent partner, subject to an account, it seems to me to be unnecessary to enumerate in detail those effects in the schedule. It will be more convenient to do that hereafter, when, in the subsequent proceedings in bankruptcy, the matter goes before a commissioner to take the account. This seems to me to be the most convenient rule, and in most cases will be most beneficial for all parties. At the same time, it is perhaps not easy to state precisely to what extent the power of the solvent partner over the joint property is affected by the bankruptcy of his co-partner. Eden Bankr. 252, 264. Brickwood v. Miller, 3 Mer. 279. But the petitioner has only stated generally in his schedule, his interest in the partnership property, without stating what his proportion is. In that respect it is defective.

The schedule was afterwards amended in this particular, and on a subsequent day a decree passed.